**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ABDUL N. ALI,

Plaintiff,

v.

DET. ARTHOR SHATTUCK, DET. JOHN DOE, ADA SARAH CARPENTER, ST. LAWRENCE COUNTY DISTRICT ATTORNEY,

Defendants.

8:24-CV-0128
(DNH/CFH)

**APPEARANCES:**

Abdul N. Ali
23-B-4295
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411
Attorneys for plaintiff

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis Application

Presently before the Court is plaintiff pro se Abdul Ali's application for leave to proceed in forma pauperis ("IFP") and review of his amended complaint[1] pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. See Dkt. Nos. 3-4, 6. Upon review of plaintiff's IFP application, the undersigned determines that plaintiff financially qualifies for leave to

[1] Plaintiff filed his original complaint on January 29, 2024. See Dkt. No. 1. Plaintiff filed his amended complaint on May 17, 2024. See Dkt. No. 6. Plaintiff wrote the word "supplement" on the form complaint. See id. He also included a cover letter referring to the filing as a "supplemental complaint." Dkt. No. 6-1. However, an amended complaint supersedes and replaces an original complaint in its entirety. Further, a plaintiff may not incorporate by reference any portion of an original complaint into an amended complaint. Thus, as the operative pleading is the amended complaint, the Court will base its review of the sufficiency of the complaint on the amended complaint only. See Dkt. No. 6.

proceed IFP. Plaintiff is advised that, despite being granted IFP status, he is still required to pay any costs and fees he may incur in this action, including, but not limited to, copying fees, transcription fees, or witness fees.

## II. **Initial Review**

### A. **Legal Standards**

28 U.S.C. § 1915 provides that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." Praileau v. Fischer, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted). Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)).[2] Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the

[2] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  FED. R. CIV. P. 8(d).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42

(2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

## B. **Amended Complaint**

Plaintiff states that "[o]n September 18, 2023[,] before the Hon. G. Hobbs the petitioner accepted a plea to a Court that lacks jurisdiction. There was a want of due process." Dkt. No. 6 at 5. Plaintiff contends that he was "[c]harged with criminal possession in the 3rd degree with the intent to sell, in violation of Penal law 220.16." Id. Plaintiff as sentenced to three years of imprisonment and two years of post-release supervision. See id.

Plaintiff elaborates that he was arrested without a warrant on August 3, 2022. Compl. at 5. Plaintiff was "take [sic] to and illegally held at the Hudson County Jail." Id. Two "unknow [sic] police officer of Hudson County New Jersey" arrested plaintiff. Id. "Police Officers of St. Lawrence County Canton New York came to Hudson County Jail to pick the plaintiff up." Id. at 6. Plaintiff contends that these officers "used a false unfiled warrant to pick up the plaintiff and took the plaintiff to St. Lawrence County Jail." Id. Plaintiff appeared before St. Lawrence County Supreme Court Judge Gary Hobbs at an unspecified date after arriving to St. Lawrence County Jail. See id. Plaintiff was "informed of his charges, byt never provided any accusatory instrument." Id. Plaintiff "was charged but never arriagned [sic] on the charges of conspircy [sic] 2nd, intent to perform a Class A Felony and criminal possession control [sic] substance in the 3rd degree with intent to sell a Class B Felony." Id. "Plaintiff was released on the state [sic] day without being arriagned [sic]. The Court released the Petitioner and made a new

Court date." Id.  Plaintiff "was again picked up and illegally extradicted [sic] from Hudson County Jail and taken without an official warrant from a Court of Compentent [sic] Jurisdiction.  The plaintiff was illegal [sic] taken back to St. Lawrence County Jail." Id.

On April 4, 2023, plaintiff appeared before Judge Hobbs for the second time. See Dkt. No. 6 at 7.  Judge Hobbs assigned plaintiff Robert Fix as his defense attorney. See id.  Mr. Fix "would not provide copies of the Discovery.  Counsel would only demand that the Plaintiff Accept a plea." Id.  Plaintiff "maintains that he broke no law.  The plaintiff [sic] position is that he was kidnap [sic].  Arrested without a warrant or probable cause." Id.  Plaintiff contends, "[t]he entire proceedings was [sic] a sham, a pretense of prosecution.  The [sic] Directed that The Grand Jury True Bill of Indictment, all discovery and motions to be filed with St. Lawrence Supreme Court Clerk." Id.  Plaintiff contends that the People and the defense attorney failed to comply with the Court order to file with the St. Lawrence Supreme Court clerk.  See id. at 7.  Instead, they "would file the papers with the Court Clerk under Index number 24515, the secret dual file illegal system.  The True Bill was received by the County Clerk but never properly filed with the Supreme Court Clerk." Id.  Plaintiff argues, "[t]he actions taken by the people was [sic] in bad faith.  The entire proceed [sic] was a pretense of prosecution with the consent of the defense counsel." Id.  Plaintiff contends that Mr. Fix "was adverse to his client and was apart of the conspiracy." Id.  "The prosecution served in the capacity as investigators" who "instructed the police to illegally go to new Jersey to illegally bring him to St. Lawrence County." Id.

Plaintiff contends that the above conduct was violative of his rights under the Fourth, Fifth, Sixth, Tenth, and Fourteenth Amendments.  See Dkt. No. 6 at 7.  Plaintiff contends that he

> has postconviction proceedings in the trial court.  The Plaintiff motion to vacate the Judgment went unopposed because there is no Forum.  The People did not execute the sentence and the Plaintiff shall proceed to the Federal Court on the writ of Habeas Corpus because the State Court is ineffective, and there is no other remedy at law other to call it into question by the Petition for the Writ of Habeas Corpus 28 U.S.C. 2241.

Dkt. No. 6 at 7.  Plaintiff contends that "there is no evidence of a crime the people is [sic] moving in bad faith, and must answer to these serious allegations.  Because the prosecution is a lie (Mooney violation)," Dkt. No. 6 at 8.   Plaintiff contends that his extradition from New Jersey "violated the due process of law. The violation of Extradition Law can serve as basis for 1983 Action, where official violate Extradition procedure protected by the Constitution and Law of the United States 42 USC 1983." Id. at 8 (citing Harden v. Pataki, 320 F.3d 1289 (11th Cir. 2003)).

Plaintiff further states that he was "falsely arrested . . . without probable cause or a warrant for arrest" and seeks "to be award [sic] monetary damages against the Office for five Million dollars."  Dkt. No. 6 at 9. On the next page of his form complaint, he states that he seeks "[t]o be compensated for the illegal Action of Police, and Prosecutors in the amount of three (3) million dollars."  Id.  He also states he seeks "compensation against the Police and Prosecutors for false arrest, abuse of process, malious [sic] prosecution with punitive damages."  Id. at 10.  Plaintiff attaches to his amended complaint an "Order Upon Arraignment" dated August 3, 2022, signed by Hon. Craig P. Carriero, County Court Judge."  Dkt. No. 6 at 1-16.

C. **Initial Review of amended Complaint**

1. **Heck v. Humphry**

As discussed above, plaintiff's claims stem from his criminal conviction and sentence. Plaintiff states that he "accepted a plea" on September 18, 2023. See Dkt. No. 6 at 4. The New York State DOCCS inmate look up confirms that plaintiff has been convicted of criminal possession of a controlled substance in the third degree. See *N.Y.S. DOCCS Look Up*, https://nysdoccslookup.doccs.ny.gov (last visited May 22, 2024).

As the District of Connecticut recently laid out:

> In Heck, the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. The court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis in original). For this reason, "the Second Circuit has recognized that the statute of limitations for a malicious prosecution claim brought pursuant to § 1983 begins to run at the time a criminal proceeding terminates in favor of the accused." Bakowski v. Kurimai, No. 3:98-cv-2287 (DJS), 2000 WL 565230, at *5 (D. Conn. Mar. 20, 2000), aff'd, 387 F. App'x 10 (2d Cir. 2003) (citing DiBlasio v. City of New York, 102 F.3d 654, 658 (2d Cir. 1996)). Thus, under Heck and its progeny, if a conviction has not been invalidated previously, a "§ 1983 action is barred ... no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Zografidis v. Richards, No. 3:22-CV-00631 (AVC), 2022 WL 21756775, at *7 (D. Conn. July 6, 2022), report and recommendation adopted (Oct. 7, 2022), aff'd, No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023).

Plaintiff has failed to demonstrate that his conviction or sentence has been "executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Zografidis, 2022 WL 21756775, at *7. Plaintiff's claims call into question his arrest, prosecution, and conviction are barred by Heck. "These are precisely the sort of claims that are contemplated by Heck, as they would imply the validity of his conviction. 'Claims for both false arrest and malicious prosecution both call into question the validity of a conviction, because false arrest requires a lack of probable cause and malicious prosecution requires probable cause and a termination of the proceedings in the [inmate's] favor." Id. at *8 (quoting McFadden v. New York, No. 10-cv-141 (RRM / CLP), 2011 WL 6813194, at *4 (E.D.N.Y. Dec. 28, 2011) and citing Warren v. Fischl, 674 F. App'x 71, 72 (2d Cir. 2017) (summary order) ("applying Heck to preclude prisoner's claim against police officers and prosecutors for unreasonable search and seizure and fabrication of evidence)."(additional citations omitted)). "Here, because Plaintiff has failed to show that his conviction has been overturned (and, in fact, declares he is currently incarcerated as a result of the above-referenced constitutional violations for a crime he did not commit) his § 1983 claims are barred under Heck unless and until such time as Plaintiff's conviction is overturned or his sentence is invalidated." Godley v. Onondaga Cnty., No. 6:16-CV-01419 (DNH/TWD), 2017 WL 2805162, at *6 (N.D.N.Y. Jan. 6, 2017), report and recommendation adopted, No. 5:16-CV-1419 (DNH/TWD), 2017 WL 2804944 (N.D.N.Y. June 28, 2017).

2. **Absolute Prosecutorial Immunity**

Plaintiff seeks to sue "the people," "the prosecution," and/or "prosecutors." Dkt. No. 6 at 6-7, 10. Although plaintiff does not identify any specific prosecutors in the body of the amended complaint, in the caption, he identifies one, ADA Sarah Carpenter. See id. at 1. In the body of the complaint, plaintiff contends that his constitutional rights were violated by "St. Lawrence County District Attorney." Id. at 10.

Plaintiff contends that the "prosecutors" violated his Fourth, Fifth, Sixth, Tenth and Fourteenth Amendment rights for "false arrest, abuse of process, [and] mali[c]ious prosecution." Dkt. No. 6 at 10. Plaintiff also appears to claim that the "prosecutors" conspired with the police to deprive him of his due process rights in connection with his extradition from New Jersey to St. Lawrence County. Dkt. No. 6 at 8. Plaintiff's claims against the St. Lawrence County District Attorney and Assistant District Attorney Carpenter are barred by absolute prosecutorial immunity.

Although plaintiff's complaint does not clarify the context of all of plaintiff's claims, against St. Lawrence County District Attorney and Assistant District Attorney Carpenter, what is clear is that plaintiff's claims against these defendants relate to non-investigative actions he alleges they have taken in their official capacities as prosecutors. Accordingly, they are entitled to absolute prosecutorial immunity.

Further, to the extent plaintiff may wish to sue the St. Lawrence County District attorney and ADA Carpenter in their official capacities, such claims would be barred by Eleventh Amendment immunity. See Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (quoting Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988), cert. denied, 488 U.S. 1014 (1989)) ("'When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the

county.'"); see Gentry v. New York, No. 21-CV-0319, 2021 WL 3037709 (GTS/ML), at *6 (N.D.N.Y. June 14, 2021) (recommending dismissal of the plaintiff's claims against the defendant assistant district attorneys in their official capacities as barred by the Eleventh Amendment), adopted by, 2021 WL 3032691 (N.D.N.Y. July 19, 2021). Accordingly, it is recommended that plaintiff's claims against St. Lawrence County District Attorney and ADA Carpenter be dismissed with prejudice as they are immune from suite under section 1983. See 28 U.S.C. 1915(e), 1915A.

3. **Municipal Defendant**

Plaintiff has named two police officers/detectives as defendants in the caption. However, the body of the complaint may be interpreted as seeking to bring claims, more generally, against the St. Lawrence County Police Department. Although plaintiff's complaint is barred by Heck, the undersigned notes that any claims against the police department would also be barred as alleged in the amended complaint.

> It is well established that [a] police department is an administrative arm of [a] municipal corporation, and cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." Kelly v. Colonie Police Dep't, No. 8:20-cv-721 (GTS/CFH), 2020 WL 6465448, at *3 (N.D.N.Y. Sept. 21, 2020), report and recommendation adopted, No. 8:20-cv-0721 (GTS/CFH), 2020 WL 6445901 (N.D.N.Y. Nov. 3, 2020) (internal quotation marks omitted); see also DeLee v. New York, No. 5:20-cv-549 (GTS/ATB), 2020 WL 4288455, at *4 (N.D.N.Y. June 12, 2020), report and recommendation adopted, No. 5:20-cv-0549 (GTS/ATB), 2020 WL 4284131 (N.D.N.Y. July 27, 2020) (collecting cases dismissing claims against police departments). "Section 1983 provides that an action may only be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws.'" Hester-Bey v. Police Dep't, No. 12-cv-3320 (KAM), 2012 WL 4447383, at *1 (E.D.N.Y. Sept. 24, 2012). A municipal Police department is not a "person" within the meaning of Section 1983 and is, therefore, not a proper defendant. Id.

Zografidis, 2022 WL 21756775, at *9 (D. Conn. July 6, 2022).

A plaintiff may only proceed with claims against a municipal defendant, such as a police department, if he or she alleges that his or her constitutional rights were violated as a result of an official municipal policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); see also Bruker v. City of N.Y. 337 F. Supp. 2d 539, 556 (S.D.N.Y. 2004) (quoting Anthony v. City of N.Y., 339 F.3d 129, 140 (2d Cir. 2003)). Plaintiff makes no such claims. Thus, to the extent that a liberal reading of the amended complaint suggests that plaintiff may be seeking to raise claims against the St. Lawrence County Police Department, it is recommended that such claims be dismissed for failure to state a claim upon which relief can be granted and as barred by Heck for the reasons discussed above.

4. **Claims against plaintiff's defense attorney**

Although plaintiff does not name his defense attorney as a defendant in the caption and in the "relief sought" states that he wishes to sue the prosecution and the police officers, he makes several references within the complaint to his defense counsel "conspiring" with the prosecution and police. To the extent plaintiff wishes to sue his attorney, plaintiff he cannot proceed under section 1983. "To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state law." Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005). "[P]rivate individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law." Basile v. Connolly, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order). Additionally, "such claims are not plausible because attorneys, whether court appointed or privately retained, are generally not state actors for

purposes of Section 1983." Wilson v. Flanders, No. 3:23-CV-00263 (DNH/TWD), 2023 WL 3251992, at *4 (N.D.N.Y. May 4, 2023), report and recommendation adopted, No. 3:23-CV-263, 2023 WL 3496372 (N.D.N.Y. May 17, 2023) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997)). Accordingly, to the extent plaintiff may seek to bring a section 1983 claim against his attorney, it is recommended that this claim be dismissed.

Second, to the extent plaintiff may wish to allege that his defense counsel engaged in a conspiracy with the prosecutors and/or police officers to deprive him of his constitutional rights, pursuant to 42 U.S.C. § 1983, "[a] conclusory allegation that a private individual acted in concert with a state actor does not constitute a plausible allegation that the private individual acted under color of state law." Wilson, 2023 WL 3251992, at *4 (citing Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002); Asensio v. DiFiore, No. 18-CV-10933 (RA), 2019 WL 4392743, at *8 (S.D.N.Y. Sept. 13, 2019); Bornschein v. Herman, 304 F. Supp. 3d 296, 301 (N.D.N.Y. 2018)). Thus, to the extent plaintiff seeks to bring a conspiracy claim against his defense counsel, it is recommended that such claim be dismissed. As the conspiracy claim is tied to his claims that Mr. Fix conspired with the police officers and prosecutors to deprive him of his constitutional rights, this claim is also barred by Heck for the reasons discussed, supra. Accordingly, it is recommended that such dismissal be without prejudice to renew should plaintiff be able to overcome the Heck bar in the future, but without leave to amend in this proceeding.

To the extent plaintiff wishes to bring a legal malpractice claim against his attorney, this would be a state law claim. See Delap v. Mackey, No. 1:21-CV-0847

(LEK/CFH), 2021 WL 5991702, at *7 (N.D.N.Y. Sept. 15, 2021), report and recommendation adopted as modified, No. 1:21-CV-0847 (LEK/CFH), 2021 WL 5354762 (N.D.N.Y. Nov. 17, 2021) (citing Ramos v. Zucker, No. 14-CV-5694 (SLT) (RER), 2014 WL 5363778, at *2 (E.D.N.Y. Oct. 20, 2014)). Here,

> The only possible basis for this Court's subject matter jurisdiction over plaintiff's legal malpractice claim would d be supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . [i]f the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Spiegel v. Schulmann, 604 F.3d 72, 78 (2d Cir. 2010). As the undersigned concluded that it does not have subject matter jurisdiction, the undersigned finds that declining supplemental jurisdiction over plaintiffs' state law legal malpractice claim is proper.

Delap, 2021 WL 5991702, at *7. In sum, because plaintiff's amended complaint presents no valid federal claim, it is recommended that the Court decline to review this state law legal malpractice claim pursuant to its supplemental jurisdiction.

5. **Conspiracy Claim against Prosecutors, Police Officers**

Plaintiff appears to contend that defense counsel Mr. Fix, the "prosecutors," and the "police officers," conspired to deprive him of his constitutional rights. See dkt. no. 6 at 7 ¶19. As indicated above, plaintiff sets forth no more than a single, conclusory allegation that his defense counsel, Mr. Fix, "was apart [sic] of the conspiracy." Dkt. No. 6 at 7. Plaintiff's vague allegation of conspiracy involving the prosecutors and police also does not suffice. "Wholly conclusory claims of conspiracy are properly dismissed sua sponte on initial review." Hawthorne v. City of Albany, No. 1:17-CV-00716 (GTS/TWD), 2017 WL 3822112, at *7 (N.D.N.Y. July 25, 2017), report and recommendation adopted sub nom. Hawthorne v. Ruecker, No. 1:17-CV-0716 (GTS/TWD), 2017 WL 4351520 (N.D.N.Y. Oct. 2, 2017) (citing Johnson v. Goord, 12 F.

App'x 22, 23 (2d Cir. 2000) (summary order)). Further, as plaintiff has failed to allege, in his current pleading, a valid constitutional violation, his claim that the prosecutors, police officers, or defense counsel conspired with each other to violate his Fourth, Fifth, Sixth, Tenth, and Fourteenth Amendment rights must fail "because there can be no conspiracy to violate an individual's constitutional right if there were no underlying constitutional violations." Dougal v. Lewicki, No. 1:23-CV-1167 (DNH/CFH), 2024 WL 1959668, at *5 (N.D.N.Y. May 2, 2024), adopted in part 2024 WL 2350003 (N.D.N.Y. May 23, 2024). Accordingly, it is recommended that plaintiff's apparent conspiracy claim against the prosecutors and police officers pursuant to 42 U.S.C. § 1983 be dismissed. As noted above, any conspiracy claims are tied into his claims that defendants violated his constitutional rights – claims that are currently barred by Heck. Thus, it is recommended that such dismissal be without prejudice to renew should plaintiff be able to overcome the Heck bar in the future, but without leave to amend in this proceeding.

6. **Habeas Corpus**

Plaintiff references habeas corpus relief. See Dkt. No. 6 (" . . . Plaintiff shall proceed to the Federal Court on the writ of Habeas Corpus . . . ."). However, plaintiff may not seek habeas corpus relief through this section 1983 proceeding. Plaintiff is advised that if he wishes to seek habeas corpus relief, he must properly commence a separate habeas corpus proceeding pursuant to 28 U.S.C. § 2241. See, e.g., Simmons v. Fitzpatrick, No. 5:22-CV-00757 (LEK/TWD), 2022 WL 7666973, at *3 (N.D.N.Y. July 29, 2022), report and recommendation adopted, No. 5:22-CV-00757 (LEK/TWD), 2022 WL 7508816 (N.D.N.Y. Oct. 13, 2022). Indeed, "habeas corpus is the exclusive remedy

for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481. Accordingly, insofar as plaintiff is seeking to file a motion for writ of habeas corpus, it is recommended that such claim be dismissed without prejudice to plaintiff seeking to separately commence a habeas corpus proceeding, but with prejudice to amend in this proceeding.

## IV. **Conclusion**

Wherefore, it is hereby **ORDERED**, that plaintiff's IFP application, Dkt. Nos. 3, 4, is **GRANTED**; and it is

**RECOMMENDED**, that the Clerk be directed to update the docket and caption in this case to reflect the defendants as those identified within the Amended Complaint: Det. Arthor Shattuck, Det. John Doe, Assistant District Attorney Sarah Carpenter, St. Lawrence County District Attorney, and Robert Fix, Esq., and terminate as defendants John Dow, John Dow #2, John Dow #3, and John Dow #4, see generally dkt. no. 6; and it is further

**RECOMMENDED**, that plaintiff's amended complaint, Dkt. No. 6, be **DISMISSED** in its entirety against all defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), but that the dismissal be without prejudice to plaintiff renewing his claims[3]

---

[3] This recommendation does not apply to any claims the undersigned recommends to be dismissed with prejudice.

only in the event he can show favorable termination of his sentence/conviction pursuant to Heck[4]; and it is further

**RECOMMENDED**, that plaintiff's claims against the St. Lawrence County District Attorney and Assistant District Attorney Sarah Carpenter in their official capacities be **DISMISSED WITH PREJUICE**, as barred by Eleventh Amendment immunity; and it is further

**RECOMMENDED**, that all claims against St. Lawrence County District Attorney and Assistant District Attorney Sarah Carpenter in their individual capacities be **DISMISSED WITH PREJUDICE** as barred by absolute prosecutorial immunity; and it is further

**RECOMMENDED**, that, insofar as plaintiff may seek habeas corpus relief, such request is **DISMISSED** without prejudice to seek to bring a separate habeas corpus proceeding but without opportunity to renew in this proceeding; and it is further

**RECOMMENDED**, that, the Court decline to exercise supplemental jurisdiction over plaintiff's potential legal malpractice claim against his defense attorney, Robert Fix, Esq., and such claims be **DISMISSED** without prejudice[5] to plaintiff's ability to seek to pursue legal malpractice claims in an appropriate state court;[6] and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order, along with the unpublished cases, upon plaintiff in accordance with the Local Rules.

---

[4] See Simmons, 2022 WL 7666973, at *4 (recommending dismissal without prejudice, in the event the plaintiff could show, at some point in the future, favorable termination pursuant to Heck, but without opportunity to amend because of futility).

[5] The undersigned recommends dismissal without prejudice in the event plaintiff may, in the future, be able to demonstrate favorable termination pursuant to Heck and, at that time, may wish to renew and seek to cure the defects of his conspiracy claim.

[6] The undersigned takes no position on the merits or validity of any legal malpractice claim.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[7]

Dated: May 29, 2024
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

[7] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).